Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| PR Recovery and Development JV, LLC<br><br>Recurrida<br><br>vs.<br><br>AM Group, LLC h/n/c VOM Fass; Anthony Meléndez Berríos y su esposa Delia Estrella Martínez Díaz, y la Sociedad Legal de Gananciales compuesta por ellos; y Helena Rivera González<br><br>Peticionarios | KLCE202301339 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2021CV07460 (604)<br><br>Sobre: Cobro de Dinero; Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Cruz Hiraldo y el Juez Salgado Schwarz[1].

Rivera Colón, Juez Ponente

**SENTENCIA ENMENDADA[2]**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece ante nos, AM Group, LLC (AM Group o parte peticionaria), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 26 de octubre de 2023,[3] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la "Moción de Desestimación" presentada por la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---

[1] Véase Orden Administrativa Núm. OATA-2023-204, donde se designa al Juez Carlos G. Salgado Schwarz en sustitución del Hon. José J. Monge Gómez, por encontrarse fuera del Tribunal por causas justificadas.

[2] Se enmienda a los únicos efectos de aclarar que, luego de evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

[3] Notificada el 30 de octubre de 2023.

Número Identificador

SEN2023 _____

confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 11 de noviembre de 2021, Puerto Rico Recovery and Development JV, LLC (PRRD o parte recurrida) presentó una "Demanda" por cobro de dinero y ejecución de hipoteca contra AM Group. En esencia, alegó que, el 11 de diciembre de 2015, la parte peticionaria suscribió un contrato de préstamo, el cual fue asegurado mediante pagaré en favor del Banco de Desarrollo Económico para Puerto Rico (BDE), o a su orden, debidamente endosado a favor de la parte recurrida. Arguyó que, AM Group incumplió con sus obligaciones de asegurar el pago puntual, por lo que la deuda reclamada estaba vencida, líquida y exigible. A su vez, indicó ser el tenedor físico del pagaré operacional, y recalcó que dicho pagaré estaba debidamente endosado a su favor.

El 1 de febrero de 2022, AM Group presentó una "Moción de Desestimación" y, en síntesis, argumentó que PRRD no posee legitimación activa para presentar la reclamación, toda vez que: (1) el BDE estaba impedido de cederle el préstamo, (2) el BDE impugnó la validez del Contrato de Compraventa de Cartera de Préstamos, y (3) PRRD no es el legítimo tenedor por endoso de los pagarés asegurados.

Por su parte, el 28 de febrero de 2022, PRRD presentó su "Oposición a la Moción de Desestimación" y, en lo pertinente, sostuvo que: (1) no existe impedimento alguno para que BDE le cediera el préstamo, (2) PRRD es, en efecto, el tenedor actual del pagaré y como tal tiene derecho a cobrar la acreencia que reclama, y (3) el hecho de que BDE haya impugnado la transacción por la cual PRRD advino acreedor es inconsecuente a la condición de deudor de la parte peticionaria, y debido a que las transacciones se

presumen válidas, PRRD es el acreedor hasta que se pruebe lo contrario.[4]

Evaluados los escritos presentados por ambas partes, el 12 de enero de 2023,[5] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Moción de Desestimación" presentada por AM Group. Razonó que: (1) toda vez que PRRD alegó ser el tenedor actual del pagaré, tal hecho debe tomarse como cierto y, consecuentemente, posee *standing* para presentar el pleito, (2) las alegaciones de la "Demanda" son suficientes para sostener el pleito, al amparo de la Regla 10.2 (5) de Procedimiento Civil, *infra.*

Inconforme, el 1 de febrero de 2023, AM Group presentó una "Moción de Reconsideración". Atendido su escrito, y la oposición presentada por la parte recurrida,[6] el 26 de octubre de 2023,[7] el foro *a quo* declaró No Ha Lugar la "Moción de Reconsideración" presentada por la parte peticionaria.

Así las cosas, el 9 de noviembre de 2023, PRRD presentó una "Moción Informativa y en Solicitud de Orden" donde solicitó se le ordenase a la parte peticionaria a contestar la "Demanda", dentro del término de 10 días. Ese mismo día, entiéndase, el 9 de noviembre de 2023,[8] el foro primario concedió a AM Group 10 días para contestar la reclamación.

Ante este hecho, el 15 de noviembre de 2023, la parte peticionaria presentó una "Moción Informativa" en la cual expuso que estaría recurriendo de la "Resolución" emitida el 12 de enero de 2023.[9] Por ello, esbozó que contestar la "Demanda" sería un ejercicio infructuoso.

---

[4] Mediante "Moción en torno a Oposición a Moción de Desestimación" presentada el 29 de agosto de 2022, PRRD reafirmó estos argumentos.

[5] Notificada el 17 de enero de 2023.

[6] Véase, "Oposición a Moción de Reconsideración" del 13 de febrero de 2023.

[7] Notificada el 30 de octubre de 2023.

[8] Notificada en igual fecha.

[9] Notificada el 17 de enero de 2023.

El 29 de noviembre de 2023, AM Group presentó auto de *Certiorari* ante este foro apelativo intermedio, y señaló la comisión de los siguientes errores, a saber:

> 1) *Erró el Honorable Tribunal de Primera Instancia al determinar que PRRD tiene legitimación activa para instar la demanda del caso de epígrafe.*
>
> 2) *Erró el Honorable Tribunal de Primera Instancia en determinar que PRRD tiene derecho a algún remedio.*

Dicho recurso fue acompañado por una "Moción Urgente de Auxilio de Jurisdicción" en la cual se solicitó la paralización de los procedimientos ante el foro recurrido.

**II.**

**-A-**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico, Derecho Procesal Civil</u>, 5ta ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.*

Ante una moción de desestimación, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más

favorable posible en favor del demandante. *Torres, Torres v. Torres et al.*, 179 DPR 481, 502 (2010). Es decir, "[l]a demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, a la pág. 428. Ello solo aplicará a aquellos hechos alegados de forma "clara y concluyente, que de su faz no den margen a dudas". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, la demanda sólo tiene que contener "una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres, Torres v. Torres et al.*, *supra*, a la pág. 501. Es por esto que una demanda no será desestimada, salvo que se demuestre "que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar". *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, a la pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, a la pág. 505.

**-B-**

En general, los tribunales tienen la obligación y responsabilidad de decidir los casos que se le presentan ante su consideración, incluso aquellos que con gusto evitaría. No obstante, como doctrina de autolimitación y de prudencia en el ejercicio del Poder Judicial, los tribunales solo pueden resolver

aquellas controversias que sean justiciables. *Hernández Montañez v. Parés Alicea*, 2022 TSPR 14. El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón*, 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra*, a la pág. 421.

**-C-**

Nuestra jurisprudencia define el término de legitimación activa como "la capacidad que se requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Hernández, Santa v. Srio. De Hacienda*, 208 DPR 727, 739 (2022).

Al amparo de esta doctrina, la parte promovente tiene que demostrar lo siguiente: (1) que sufrió un daño claro y palpable; (2) que dicho daño es real, inmediato y preciso, entiéndase, no abstracto o hipotético; (3) la existencia de un nexo causal entre la acción que se ejercita y el daño alegado, y (4) que la causa de acción surge al amparo de la Constitución o de alguna ley. *Fund. Surfrider y otros v. A.R.Pe.*, 178 DPR 563, 572 (2010). En la jurisdicción federal, se han reconocido criterios similares. Véase, *Spokeo, Inc. v. Robins*, 578 US 330, 338 (2016). ("The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

Es la parte demandante quien tiene el peso de la prueba para demostrar que cumple con todos estos criterios. *Fund. Surfrider y otros v. A.R.Pe.*, *supra*, a la pág. 585; *Spokeo, Inc. v. Robins*, *supra*, a la pág. 338. Como en el caso que nos ocupa, cuando el pleito se encuentra en sus etapas iniciales, entiéndase, en la presentación de la demanda, corresponde al demandante alegar con claridad aquellos hechos que demuestren cada uno de los elementos que sustentan su legitimación. *Spokeo, Inc. v. Robins*, *supra*, a la pág. 338; *Warth v. Seldin*, 422 US 490, 518 (1975).

### III.

Como cuestión de umbral, debemos evaluar si, de conformidad con el derecho antes esbozado, procedía la desestimación de la reclamación. Consecuentemente, nos corresponde evaluar las alegaciones bien hechas por PRRD en su "Demanda". Tras una lectura de ésta, nos percatamos que la parte recurrida alegó, entre otras cosas, lo siguiente: (1) BDE y AM Group otorgaron un contrato de préstamo por la suma principal de

$380,000.00,[10] (2) este contrato está evidenciado mediante pagaré emitido a favor de BDE, o a su orden,[11] (3) PRRD es el tenedor físico del pagaré,[12] (4) dicho pagaré está debidamente endosado a su favor,[13] (5) AM Group incumplió con sus obligaciones de pago,[14] (6) la deuda está vencida, líquida y exigible,[15] (7) la cantidad adeudada es de $371,365.51,[16] y (8) para asegurar el pago, la parte peticionaria suscribió un "Acuerdo de Gravamen Mobiliario" por el cual transfirió, cedió, otorgó y/o pignoró en favor de BDE, ahora PRRD, ciertos derechos, títulos o intereses.[17]

En su escrito, AM Group argumenta que PRRD no alegó o demostró ser el poseedor legítimo del pagaré. Su contención es que la parte recurrida no es una institución financiera, por lo que estaba impedida de adquirir la cartera de préstamos del BDE.[18] Añade que, por esto, la venta debe ser declarada nula y PRRD carece de legitimación activa para presentar el caso de epígrafe.

Diferimos de su postura, pues, en primer lugar, de una simple lectura de la "Demanda" surge que **PRRD es el tenedor físico del pagaré**, **y que dicho pagaré está debidamente endosado a su favor**. Tomando estos hechos como ciertos, debemos asumir que la parte recurrida es el poseedor legítimo del instrumento y, por ende, posee derecho para ejercer su reclamo. Por consiguiente, concluimos que PRRD alegó con claridad aquellos hechos que demuestren cada uno de los elementos que sustentan su legitimación.

En cuanto al segundo señalamiento de error, AM Group enfatiza que de la "Demanda" no se desprende que la parte

---

[10] Véase, alegación número 7.
[11] Véase, alegación número 8.
[12] Véase, alegación número 9.
[13] *Íd.*
[14] Véase, alegación número 16.
[15] Véase, alegación número 18.
[16] Véase, alegación número 17.
[17] Véase, alegación número 10.
[18] Hace alusión al caso SJ2019CV11697, en el cual BDE solicitó se declare la nulidad del negocio jurídico por el cual PRRD adquirió la cartera de préstamos.

peticionaria tenga una deuda con PRRD, y mucho menos que dicha deuda está líquida, vencida y exigible. Así, entiende que, conforme la Regla 10.2 (5) de Procedimiento Civil, *supra*, la parte recurrida deja de exponer una reclamación que justifique la concesión de un remedio. Tampoco le asiste la razón.

Como bien señalamos, además de alegar ser el poseedor legítimo del pagaré, PRRD alegó que AM Group suscribió un contrato de préstamo, que esta última incumplió con su obligación de pago, y que adeudada la cantidad de $371,365.51. **Esto**, **sin duda demuestra que la parte peticionaria tiene una deuda con PRRD**. **Como si fuera poco**, **la parte recurrida alegó que la deuda está vencida, líquida y exigible**, y que, para asegurar su pago, la parte peticionaria transfirió, cedió, otorgó y/o pignoró en favor de PRRD ciertos derechos, títulos o intereses. Tras evaluar estas alegaciones de forma conjunta, liberal y de la manera más favorable posible para el demandante, nos resulta forzoso concluir que PRRD tendría un remedio en ley, por lo que la desestimación del pleito es improcedente en derecho.

Finalmente, queremos resaltar el hecho de que PRRD no tan solo alegó estos hechos en el vacío, sino que anejó a su "Demanda" documentación que acredita sus alegaciones como, por ejemplo, copia del pagaré hipotecario.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el recurso de *Certiorari* presentado por la parte peticionaria, AM Group, LLC, y confirmamos la "Resolución" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Debido al resultado que hemos llegado, declaramos No Ha Lugar la "Moción Urgente de Auxilio de Jurisdicción".

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones